UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,<br>   Plaintiff,<br><br>  v.<br><br>EMPIRE INSURANCE COMPANY, ET AL.,<br>   Defendants. | )<br>)<br>) Civil Action: 07-11958-EFH<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

HARRINGTON, S.J.

For the reasons stated below, this action is dismissed <u>with prejudice</u> in its entirety, and additional sanctions are imposed.

## BACKGROUND

On October 1, 2007, Plaintiff Chukwuma E. Azubuko, an enjoined litigant in this District, filed a self-prepared civil Complaint in the United States District Court for the District of Puerto Rico (San Juan Division). See <u>Azubuko v. Empire Insurance Company, et al.</u>, C.A. 3:07-cv-01917-GAG. By Order dated October 1, 2007, United States District Judge Gustavo A. Gelpi ordered that the action be transferred, pursuant to 28 U.S.C. § 1404, to the District of Massachusetts, because both the Plaintiff and the Defendants are Massachusetts citizens, and the case had no relationship to Puerto Rico. See Order for Transfer (#3). On October 11, 2007, the transferred case was opened as a new civil action in this District, and randomly assigned.

Plaintiff's Complaint is not entirely coherent. From what can be gleaned, he alleges that he was denied monetary compensation by the Defendant for claims based on two accidents, one occurring in 1998 and the other in 2000. Plaintiff claims he never received monetary compensation in his prior lawsuit(s) because his claims were deemed to be time barred under the statute of limitations, and because he was subject to fraud and racial discrimination.

DISCUSSION

I.  Plaintiff is an Abusive Litigant and is Enjoined in this Court

As noted numerous times by various judges of this Court, Plaintiff Chukwuma E. Azubuko has a lengthy history of filing frivolous litigation in this and other courts. These filings are outlined in more detail in Judge Saris's Memorandum and Order in Azubuko v. Commonwealth Auction Association, 03mc10053-PBS, (12/17/03 (#3)), and Azubuko v. National Magazine Exchange, 03mc10063-PBS (12/17/03 (#2)).

Since that time, Plaintiff has filed numerous cases in this Court and in various other districts as well.[1] Records indicate that in this Court, he has filed at least twenty-two (22) cases under the name Chukwu Azubuko (or Chukwuma Azubuko) and eleven (11) cases under the name Azubuko Chukwu.

On September 6, 1995 (approximately nine years before this action was filed), then Chief Judge William G. Young entered an Order ("Order") in Chukwu v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, dismissing the action for failure to state a claim. Chief Judge Young ordered the Clerk not to accept for filing any further documents tendered *pro se* by this Plaintiff unless certain conditions were met. See Order (#13), dated September 6, 1995.

Additionally, on March 31, 2004, Judge Young ordered that Plaintiff pay to the Board of Bar Overseers $500 for its litigation efforts in Azubuko v. Board of Bar Overseers of the Supreme Judicial Court, C.A. 04-10192-WGY. He further ordered a $5,000 monetary sanction against the Plaintiff in light of his propensity to file frivolous lawsuits. The sanction was suspended, however, until such time as Plaintiff was found to have filed another frivolous suit, in

---

[1] Several other courts have recognized Plaintiff's extensive litigation history and some have also imposed filing restrictions on Plaintiff. The list of cases is detailed in Judge Saris's Memorandum and Order and need not be reiterated here.

2

any federal court. Since that time, Judge Zobel has found Plaintiff to have filed another frivolous suit, and thus the $5,000 sanction was reinstated. See Azubuko v. Catherine H. Gallagher Cooperative Housing, et al., C.A. 05-10068-RWZ. Subsequently, Judge Lindsay has imposed an additional $1,000 sanction against Plaintiff for his bad faith filing in connection with the case Azubuko v. Suffolk Superior Court, et al., C.A. 05-10609-RCL (Memorandum and Order (#12), dated April 6, 2006).[2] Thereafter, Plaintiff filed a flurry of motions seeking to re-open old, previously-dismissed and/or abandoned civil actions. These attempts were all denied.[3]

II.   Plaintiff's Filing of a Complaint in Puerto Rico Willfully Violated this Court's Order.

Pursuant to Judge Young's Order, the Clerk was directed not to accept for filing any further documents of the Plaintiff unless (1) the document was accompanied by a motion seeking leave of court to file same; and (2) a judge of the court granted Plaintiff leave to file the document. Absent compliance, the Clerk was directed to return the non-complying document(s) to Plaintiff.

Here, Plaintiff has not complied with the conditions imposed in Judge Young's Order. He has not sought, nor has he obtained, leave from a judicial officer to file this Complaint. Instead, he filed the case in the District of Puerto Rico solely as a means to pursue the litigation

---

[2] To date, Plaintiff has failed to pay the monetary sanctions imposed by this Court.

[3] See, e.g., Azubuko v. First National Bank, C.A. 95-11237-GAO. (Motion for New Trial, filed June 22, 2006, denied with prejudice by electronic Order entered July 11, 2006); Azubuko v. Board of Bar Overseers of the Supreme Judicial Circuit - Massachusetts, C.A. 04-10192-WGY (Request for status of closed action filed June 5, 2006); Azubuko et al v. Urban Edge Property Management, et al., C.A. 05-10066-GAO (Motion for New Trial filed June 15, 2006, denied by electronic Order entered July 11, 2006.); Azubuko v. Suffolk Superior Court, et al., C.A. 06-10609-RCL (Second Motion for Reconsideration of Dismissal Order filed June 15, 2006, denied by electronic Order entered July 26, 2009); Azubuko v. Board of Directors, C.A. 98-10049-WGY (Motion for New Trial filed in closed case on June 27, 2006, denied by electronic Order entered June 30, 2006); Azubuko v. Board of Directors, C.A. 98-10050-WGY (Motion for New Trial filed in closed case on June 27, 2006, denied by electronic Order entered June 30, 2006).

3

elsewhere and to circumvent the Order of this Court, taking the chance that the other District will not transfer the action to this Court, or that this action would squeak by in this Court as a transferred action and not a new case opening here. In any event, it is patently obvious, in view of Plaintiff's prior abusive litigation history and repeated pattern of case filings in other Districts, that Plaintiff was aware that the District of Puerto Rico was not the appropriate forum for this dispute.[4] As noted by Judge Gelpi in his Order transferring this action, all parties are Massachusetts citizens, and the claims bear no relationship to Puerto Rico. Thus, as in the numerous other cases transferred from other districts to this Court, the only logical inference which can be drawn by Plaintiff's institution of this suit in the District of Puerto Rico, is that, once again, Plaintiff was attempting to dodge this Court's Order enjoining him from filing suit in this Court, absent prior permission.[5]

As noted by other judges of this Court, and reiterated here, such bad faith conduct by a *pro se* litigant cannot be tolerated by this Court. Accordingly, the Court finds that further sanctions against the Plaintiff are warranted, as discussed below.[6]

---

[4]Plaintiff has been warned by Judge Saris that compliance with Chief Judge Young's 1995 Order was a requisite, notwithstanding actions may have been filed in another District. See Azubuku v. Commonwealth Auction Association, 03mc10053-PBS (Memorandum and Order dated December 17, 2003 (#3)).

[5]This is not the first time he has attempted to circumvent the Order. Plaintiff filed cases in the Districts of Florida and Georgia, which also involved disputes in Massachusetts and have been transferred to this District. See Azubuko v. The Educational Resources Institute, Inc., et al., C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred December 27, 2004) (suit also names University of Massachusetts, Massachusetts Boston Municipal Court, and Massachusetts Appeals Court); and Azubuko v. Urban Property Management, et al., C.A. No. 05-10066-GAO (filed in the District of Florida and transferred to this Court on January 10, 2005) (suit for forceful eviction). This Court also dismissed an action filed by Plaintiff in the District of Delaware and transferred to this Court. See Azubuko v. Eastern Bank, C.A. 06-10177-RGS (dismissed February 3, 2006).

[6]For the past several years, Plaintiff has been advised on repeated occasions that his bad faith pleading practices would not be tolerated by this Court. Nevertheless, Plaintiff ignores this

4

III.    Sanctions are Warranted For Knowing Violations of this Court's Order

As noted above, Plaintiff is, and was at the time of filing of the instant action, an enjoined and highly abusive litigant, who has attempted to circumvent this Court's Order enjoining him from further filings absent prior Court permission. Permitting Plaintiff to continue his bad faith pleading pattern (*i.e.,* filing a Complaint in an unconnected District), would undermine the purpose of the Order enjoining the Plaintiff.

A.    Dismissal of This Action With Prejudice as a Sanction

At this juncture, a dismissal of this case with prejudice, combined with other sanctions discussed below, are deemed to be the least severe sanctions this Court could impose on the Plaintiff for his attempt to circumvent the Court's Orders. A sanction of dismissal is clearly within the purview of this Court. See, e.g., Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (in imposing sanctions, the court must balance relevant factors, including (but not limited to) the trial court's need to manage its docket, the potential prejudice to the parties, and the policy of the law favoring disposition on the merits); Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

The United States Court of Appeals for the First Circuit has held that dismissal may be an appropriate sanction in certain instances. In Torres-Vargas v. Pereira, 431 F.3d 389 (1st Cir. 2005) the First Circuit stated:

> To be sure, dismissal orders typically are measures of last resort, reserved for extreme cases. But we have held that a party's disregard of a court order is a

---

Court's Orders, resulting in the imposition of sanctions. Unfortunately, Plaintiff Azubuko does not appear to be able to comport his behavior to the repeated mandates of the Court. Monetary sanctions have not served to alter his behavior. Not even an arrest warrant issued against the Plaintiff to show cause why he should not be held in contempt, has been effective in curtailing the vexatious and abusive litigation by this Plaintiff. See Azubuko v. Catherine H. Gallagher Cooperative Housing, et al., C.A. 05-10068-RWZ (arrest warrant issued March 17, 2005).

5

> paradigmatic example of extreme misconduct. See Young, 330 F.3d at 81; Tower Ventures, 296 F.3d at 46. Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example. See Nat'l Hockey League, 427 U.S. at 643, 96 S.Ct. 2778.

Torres-Vargas, 431 F. 3d at 393.

The Court further noted:

> It is settled law that a party flouts a court order at his peril. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). Where... the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice. See, e.g., Young, 330 F.3d at 82; HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988).

Id. (footnote omitted).

In this Court, former Senior Judge Keeton has held that dismissal is an appropriate sanction against this particular Plaintiff, for knowingly and purposefully ignoring this Court's Orders regarding case filings. See Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1 (D. Mass. 2005). Senior Judge Keeton noted:

> [P]laintiff, after the issuance of Chief Judge Young's Order, still filed at least seventy-five additional cases in other district courts, mostly in an effort to avoid the filing conditions set forth by Chief Judge Young. Indeed, it is more than ten years after Chief Judge Young's Order and plaintiff is still doing what Chief Judge Young ordered him not to do-filing frivolous lawsuits without seeking leave to file first....<u>The fact that plaintiff filed this action in an apparent effort to escape Chief Judge Young's Order therefore illustrates that plaintiff has no thought or care about the judicial resources or litigation expenses that he has caused others to incur by his actions....Plaintiff has faced leave-to-file restrictions, a $5,000 fine, possible additional monetary sanctions, and possible contempt proceedings. Still, despite these actual and potential sanctions, nothing seems to stop him.</u>

Id. at 9. (emphasis added). Senior Judge Keeton also found that Plaintiff had the intelligence to understand the Court's Orders, noting that Plaintiff claimed to have a Masters in Education from

6

the University of Massachusetts, and was a substitute teacher for the Boston Public Schools, earning approximately $600 bi-weekly. Id. at 8-9.

The Court is mindful that a the sanction of dismissal should be limited to extreme cases. Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006) (except for contempt, dismissal is the harshest sanction). "[Dismissal as a sanction] is reserved for cases of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Id. citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). See Cepero-Rivera v. Fagundo, 414 F.3d 124, 130 (1st Cir. 2005) ("[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly." quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002)). A dismissal should not be with prejudice unless "a plaintiff's misconduct is particularly egregious or extreme." Benitez-Garcia, 468 F.3d at *5 quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995). Such is the case here.

Here, the Court has considered the several factors as outlined in Benitez-Garcia, 468 F.3d at *5 and Malot v. Dorado Beach Cottages Associates, 2007 WL 549110 (1st Cir. Feb. 23, 2007) (discussing the use of dismissal as a sanction) in finding that dismissal with prejudice is a proper sanction, in view of the demonstrated pattern of abusive filings in violation of Court Orders, and the numerous warnings to the Plaintiff.[7]

Accordingly, in light of the above, it is Ordered that this action shall be dismissed in its

---

[7]These factors include, but are not limited to considerations of "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions, as well as a procedural dimension affording the litigant an opportunity to demonstrate good cause for the non-complying behavior. Benitez-Garcia v. Gonzalez-Vera, 468 F.3d 1, 5 (1st Cir. 2006).

entirety, with prejudice.[8]

### B. Further Monetary Sanction Imposed as an Additional Sanction

In considering the appropriateness of sanctions, the Court considers that dismissing this action is not enough to impress upon the Plaintiff the seriousness of his egregious behavior. Accordingly, as a further sanction, the Court will impose a $1,000.00 (one thousand dollar) monetary sanction as an additional sanction to those imposed by both Judge Young and Judge Lindsay, due and payable within 30 days of the date of this Memorandum and Order, unless otherwise extended by this Court upon motion of the Plaintiff with good cause shown.

### C. Supplement to Order Enjoining Plaintiff from Filing Further Actions

Further, in order to minimize Plaintiff's waste of the judicial resources of this Court in addressing any future transferred actions to this District, the Court hereby modifies the Order Enjoining Plaintiff as follows:

> Upon receipt of any civil action filed by the Plaintiff in another District and subsequently ordered transferred to this District, the Clerk's Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Plaintiff. Should Plaintiff seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

## IV. Certification That Any Appeal Would Not Be Taken in Good Faith

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P.

---

[8]The Court ALLOWS Plaintiff's Motion for Leave to Proceed *in forma pauperis,* filed in the District of Puerto Rico, in view of his financial dislosures. However, because the Court finds dismissal of this action with prejudice to be warranted, an in-depth review of the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915 (the *in forma pauperis* statute) is unnecessary.

8

24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, <u>unless</u> the district court certifies that the Appeal is not taken in good faith. <u>Id</u>. (emphasis added).  The litigant may seek permission to appeal *in forma pauperis* from the Court of Appeals.

For the reasons stated in this Memorandum and Order, the Court hereby certifies any appeal filed by Plaintiff would not be taken in good faith.

## CONCLUSION

In light of the above, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is ALLOWED;

2. This action is dismissed <u>with prejudice</u> in its entirety;

3. A further sanction of $1,000.00 is imposed on the Plaintiff;

4. The Court modifies the Order enjoining Plaintiff to the effect that any future transferred actions shall be opened by the Clerk's Office as a new civil action, and immediately closed as dismissed pursuant to the Order enjoining the Plaintiff; and

5. The Court hereby certifies that any appeal by Plaintiff would not be taken in good faith.

SO ORDERED.

DATED: November 1, 2007

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
SENIOR DISTRICT JUDGE