UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHUKWUMA E. AZUBUKO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) M.B.D. No. ) 15-mc-91330-FDS ) |
| JUDGE STORY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

## I.     Introduction

Chukwuma E. Azubuko is a litigant who has been has been sanctioned by three judges of this Court (in the total amount of $7,000), and who has been enjoined from filing further suits in this Court without prior permission. On September 14, 2015, Azubuko submitted for filing a number of documents.[1] Specifically, he submitted (1) a petition to file; (2) a motion for relief from judgment; (3) a proposed complaint; (4) a certificate of good faith; (5) a copy of the memorandum and order imposing further sanctions against him, *see Azubuko v. Empire Insurance Company, et al.*, 07-11958-EFH; and (6) a copy of a check for this Court's $400 filing and

---

[1] This Court need not detail each case in which Azubuko has been found to have filed frivolous or abusive filings, as his litigation history has been exhaustively detailed in prior cases. *See Azubuko v. Commonwealth Auction Association*, 03-mc-10053-PBS; *Azubuko v. National Magazine Exchange*, 03-mc-10063-PBS; *Chukwu v. Registry of Motor Vehicles, et al.*, 95-11661-WGY (enjoining further filings unless certain conditions were met); *Azubuko v. Board of Bar Overseers of the Supreme Judicial Court*, 04-10192-WGY; (imposing a $5,000 sanction, stayed until another suit was found to be abusive, and directing Azubuko to pay the defendant $500 for its litigation efforts); *Azubuko v. Catherine H. Gallagher Cooperative Housing, et al.*, 05-10068-RWZ (reinstating the $5,000 sanction); *Azubuko v. Suffolk Superior Court, et al.*, 05-10609-RCL (imposing an additional $1,000 sanction).

administrative fees. On October 14, 2015, Azubuko's filings were opened as a miscellaneous business docket matter, which requires a $46 filing fee.

## II. Discussion

### A. Challenges to the Order Enjoining Azubuko

As in numerous prior filings in this Court, Azubuko's pleadings are unintelligible and contain nonsensical statements. From what can be discerned, he contends that his right to due process has been denied by the various orders requiring him to seek permission to file suit. He also contends the pre-filing requirements amount to a form of discrimination.

Given Azubuko's very substantial abusive litigation history, this Court finds no constitutional or other improprieties in the restrictive filing conditions imposed by judges of this Court. Accordingly, Azubuko's motion for relief from judgment will be denied with prejudice.

### B. The Proposed Complaint Is Frivolous and Abusive

The purported complaint asserts claims against United States District Judge Richard Story of the Northern District of Georgia in both his individual and official capacities. The complaint is not coherent, but it appears that Azubuko alleges that Judge Story committed racial discrimination as well as errors of law in connection with Azubuko's lawsuit against the University of Northumbria. Compl. (Docket No. 1-2 at 2, ¶ 1). *See Azubuko v. Board of Trustees/Governors – University of Northumbria at Newcastle*, C.A. No. 1:02-93121-RWS (N.D. Ga. (Atlanta) 2002).[2]

In that case, Judge Story agreed with the University that the District Court lacked

---

[2] Notably, Azubuko is also enjoined from filing lawsuits in the Northern District of Georgia. *See* Order Denying Motion for Relief from Order/Judgment (Docket No. 30, entered Aug. 11, 2011) in *Azubuko v. INS Experts, Inc.*, C.A. 1:03-1896-CAP (N.D. Ga. 2003).

subject-matter jurisdiction because the University was immune from suit and because the alleged activities of the University failed to show sufficient minimum contacts with the United States. On May 21, 2012, the United States Court of Appeals for the Eleventh Circuit denied Azubuko's petition for writ of mandamus seeking an order directing the District Court to rule in his favor with respect to the dispute. The Eleventh Circuit found the petition to be frivolous and noted that Azubuko had had an adequate opportunity to appeal the District Court's dismissal, and that a writ of mandamus could not be used as a substitute for appeal. *Id.*; Order (Docket No. 33). *See In Re: Azubuko*, No. 12-12143-E (May 21, 2012).

Here, Azubuko alleges that Judge Story's rulings constituted tortious interference with contractual or prospective economic advantages. As relief, he seeks an order to the University to award him a master degree in law, and $75 million in damages.

The complaint is frivolous and abusive on a number of levels. At a minimum, the suit is untimely, as he complains of wrongdoings occurring more than a decade ago. It is also clear that Judge Story would be entitled to absolute judicial immunity for actions taken in connection with his rulings in a case before him. And the District of Massachusetts is not an appropriate forum to challenge allegedly improper rulings in the Northern District of Georgia.

In short, the proposed complaint is frivolous and abusive. Because Azubuko has not made a sufficient showing that he should be permitted to institute his proposed lawsuit in this Court, his petition to file will be denied with prejudice.

C. **The Filing Fee**

Azubuko paid the $350 filing fee and the $50 administrative fee for civil actions. The filing fee for miscellaneous business docket actions, however, is $46. The Clerk's Office

Accounting Department is directed to credit $46 of the funds received from Azubuko toward payment for the miscellaneous business docket filing fee, and refund the balance ($354) to Azubuko.

The Court has considered whether the overage paid by Azubuko should be applied toward any unpaid monetary sanction previously imposed by the Court, but declines at this time to make such an order. Azubuko is advised, however, that he remains obligated to pay the monetary sanctions imposed against him.

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Azubuko's Motion for Relief From Judgment is DENIED with prejudice.

2. Azubuko's Petition to File is DENIED with prejudice.

3. This action is DISMISSED with prejudice.

4. The Clerk's Office Accounting Department shall credit $46 toward payment of the Miscellaneous Business Docket filing fee, and shall REFUND the overage paid by Azubuko to him.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 21, 2015