UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>JUDGE RICHARD STORY,  )<br>  )<br>    Defendant.  )  | M.B.D. No.<br>15-mc-91330-FDS |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

Plaintiff Chukwu Azubuko has filed a second motion for relief from judgment. The relevant background is as follows.

**I.     Background**

On October 14, 2015, Azubuko filed a petition seeking leave to file a civil action in this Court against United States District Judge Richard Story of the Northern District of Georgia, alleging racial discrimination and errors of law he made in connection with plaintiff's lawsuit against the University of Northumbria. On October 21, 2015, this Court denied plaintiff's motion for leave to file the petition and dismissed this action. The Court found the proposed complaint to be frivolous and abusive for the reasons set forth in the memorandum and order.

Thereafter, on November 3, 2015, plaintiff filed a motion for relief from judgment. On November 5, 2015, the Court issued an electronic order denying that motion with prejudice for the reasons set forth in the memorandum and order. In addition, the Court prohibited plaintiff from filing any further motions for relief from judgment in this matter.

Some days later, plaintiff filed a document that appeared to be a letter to the U.S. Attorney General, with copies to President Obama and the U.S. Senate Committee on the Judiciary. He complained about this Court's dismissal of his action, questioned whether the

order for dismissal was generated by this Court or, instead, by a staff member, and claims that he is the victim of racial discrimination, presumably evidenced by this Court's memorandum and order denying him leave to file a civil action.

More than eight months later, on September 8, 2016, plaintiff filed a second motion for relief from judgment, purportedly pursuant to Fed. R. Civ. P. 60(b). The second motion again alleges racial discrimination. Plaintiff also argues that the dismissal order was entered by *pro se* staff attorney, without judicial authority, and that staff attorneys officiated over this case. He seeks to have the dismissal vacated and to be given the opportunity to appear before this Court.

## II.     Discussion

Plaintiff's filing of his second motion for relief from judgment was made in violation of this Court's prior order expressly prohibiting him from filing any further motions for relief. The motion could be dismissed on that basis alone; however, it will be denied on the merits as well. Plaintiff's spurious allegations of racial discrimination by the Court are entirely unfounded and unsupported by any evidence. So, too, are plaintiff's claims that a judicial staff member officiated over this action and had decision-making authority. All orders in this case that have entered on the docket have been entered with the judge's review and approval and at his direction.

Accordingly, plaintiff's second motion for relief from judgment will be denied with prejudice. Plaintiff will be prohibited from filing any further letters, complaints, or motions in this closed action. Failure to comply with this directive may result in additional sanctions against plaintiff, which may include additional monetary sanctions, more restrictive pre-filing conditions (such as requiring any filing to be made with a certification by a duly-licensed attorney that the filing comports with the good-faith requirements of Fed. R. Civ. P. 11(b)), and the institution of contempt proceedings.

## III.    Conclusion

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff Chukwu Azubuko's Second Motion for Relief From Judgment (Docket No. 9) is DENIED with prejudice;

2. Plaintiff Chukwu Azubuko is hereby PROHIBITED from filing any further letters, complaints, or motions in this closed action; and

3. Plaintiff Chukwu Azubuko is hereby WARNED that failure to comply with this directive may result in additional sanctions against him, which may include additional monetary sanctions, more restrictive pre-filing conditions, and the institution of contempt proceedings.

**So Ordered.**

Dated: November 3, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge